## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY**, <br> as Subrogee of French Harmon <br> 5050 W. Tilghman Street <br> Allentown, PA  18104 <br><br>           Plaintiff <br><br> v. <br><br> **NINTENDO OF AMERICA, INC.** <br> 4820 150th Avenue N.E. <br> Redmond, WA 98052 <br><br>   Serve:  Jacqualee Story <br>           4820 150th Avenue NE <br>           Redmond, WA 98052 <br><br>           Defendant | CIVIL ACTION NO:  3:08cv-659-S <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Liberty Mutual Fire Insurance Company, as subrogee of French Harmon, by and through his undersigned attorneys, hereby alleges the following:

### THE PARTIES

1. Plaintiff, Liberty Mutual Fire Insurance Co., (hereinafter "Liberty Mutual"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 5050 W. Tilghman Street, Allentown, PA  18104.

2. At all times material to this action, Liberty Mutual was in the business of providing property and casualty insurance, and was duly authorized to issue policies of insurance within the State of Kentucky.

3. Prior to January 13, 2007, Liberty Mutual issued an insurance policy to French Harmon, policy number H32288306616706 7, which provided insurance coverage for his real and personal property located at 6118 Sweetbay Drive, Crestwood, Kentucky 40014.

4. French Harmon (hereinafter referred to as "Mr. Harmon" and/or "plaintiff's insured") is a resident of the State of Kentucky and at all times relevant hereto, owned the real and personal property located at 6118 Sweetbay Drive, Crestwood, Kentucky 40014 (hereinafter "the subject property").

5. Defendant Nintendo of America Inc., (hereinafter "Nintendo") is incorporated in the State of Washington with a principal place of business located at 4820 150th Avenue N.E., Redmond, WA 98052, which at all relevant times was engaged in the business of selling and distributing *intra alia* electronic hand-held gaming units, including but limited to AC adapters for the Nintendo DS hand-held gaming systems.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a), as the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000) and there is diversity of citizenship between the plaintiff and defendant.

7. Venue in this action is proper in the Western District of Kentucky pursuant to 28 U.S.C. §1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

8. Prior to January 13, 2007, Mr. Harmon purchased a Nintendo DS portable electronic hand-held devise unit that is commonly referred to as "Nintendo DS" with a AC adapter for recharging the battery to the unit, (hereinafter collectively referred to as "the Product").

9. The Product was designed, manufactured and distributed by Nintendo.

10. The Product was defective in design, manufacture and/or because it failed to warn consumers as to dangers associated with it.

11. Upon information and belief, due to defects existing within the Product which caused a risk of overheating and fire, the Product was recalled by Nintendo.

12. On January 13, 2007, a fire occurred at the subject property while the Product was recharging the Nintendo DS, causing substantial damage to the real and personal property of plaintiff's insured (hereinafter "the fire").

13. The fire was caused by the Product.

14. As a result of the fire and subsequent damage, Mr. Harmon made a claim under his policy of insurance with plaintiff for his damages. Plaintiff has made payments to or on behalf of Mr. Harmon in excess of $236,304.00.

15. Accordingly, plaintiff is legally, equitably and contractually subrogated to the rights of recovery possessed by its insured against any responsible third parties, including defendant, to the full extent of any payments made by the plaintiff.

## COUNT ONE - NEGLIGENCE

16. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein at length.

17. The aforementioned fire and the resulting damages sustained by plaintiff's insured were directly and proximately caused by the negligence, carelessness and/or negligent acts and/or omissions of defendant Nintendo, its agents, servants, sub-contractors and/or employees acting within the course and scope of their employment, in the design, manufacture, sale, and/or distribution of its Nintendo DS hand-held gaming devises and its component parts, which negligence, carelessness and recklessness consisted of the following:

   (a) supplying a dangerous and defectively designed, manufactured and/or assembled product which it knew, or should have known, created an unreasonable risk of harm by fire;

   (b) failing to adequately, properly and safely design, manufacture, assemble, inspect and test the Product; and

   (c) otherwise failing to use due care, as may be disclosed during the course of discovery.

18. Defendant owed to consumers and other foreseeable users, including Harmon French, a duty to design, manufacture, assemble, test, inspect, market, sell and distribute their Nintendo DS hand-held games and component parts without defects and/or deficiencies, so as not to create a foreseeable risk of harm to persons or property, including the risk of fires and property losses.

19. The defendant, through the acts and omissions of their respective agents, servants, workmen, and/or employees, breached their duties to Mr. Harmon by failing to appropriately design, manufacture, assemble, test, inspect and supply the Product in a safe condition and by

failing to otherwise provide Mr. Harmon and other end users with adequate instructions, precautions and warnings for the safe use of the Product, all of which resulted in the subject fire and the damages sustained by plaintiff's insured.

20. The damages suffered by plaintiff's insured were the direct and proximate result of the carelessness, negligence and/or recklessness of the defendant.

21. As a direct and proximate result of the negligent, careless and/or reckless acts and/or omissions of defendants, their agents, servants, contractors and/or employees, the subject fire occurred causing extensive damage to the subject property.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, as subrogee of French Harmon demands judgment against defendant Nintendo of America, Inc. in an amount in excess of $236,304.00 together with interest, the cost of this action, attorneys fees, and such other and further relief as this Court deems just and proper.

## COUNT II - STRICT PRODUCTS LIABILITY

22. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein at length.

23. At all times relevant hereto, defendant manufactured, designed, assembled, supplied, sold and/or put into the stream of commerce the Product.

24. The Nintendo DS hand-held gaming unit and component parts was expected to and did reach the consumer without substantial change and remained in substantially the same condition and without any material alterations from the time it was sold until the date of the fire.

25. The Product was defective in manufacture or construction in that it deviated in a material way from its manufacturing performance standards and/or deviated in a material way from otherwise identical units manufactured to the same design.

26. The Product was defective in design and/or formulation in that, when it left the hands of the defendant, the foreseeable risks exceeded the benefits associated with the design and/or formulation and/or the design, and/or the formulation was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner.

27. The Product was defective due to inadequate warning or instruction.

28. As a direct and proximate cause of the defective and unreasonably dangerous condition of the Product, the subject fire occurred causing extensive damage to the subject property.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, as subrogee of French Harmon demands judgment against Nintendo of America, Inc., in an amount in excess of $236,304.00 together with interest, the cost of this action, attorneys fees, and such other and further relief as this Court deems just and proper.

### **COUNT III - BREACH OF EXPRESS AND IMPLIED WARRANTIES**

29. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein at length.

30. With the sale of the Product to consumers and end users such as Mr. Harmon, the defendant expressly and impliedly warranted that the Product, including all component parts, were of merchantable quality and fit for the ordinary purposes associated with such goods.

31. Plaintiff's insured relied upon the skill and judgment of the defendant to supply a suitable product for its intended purpose.

32. The defendant placed into the stream of commerce and otherwise furnished the Product was defective in design and/or manufacture and without appropriate warnings associated

with its use, breaching their express and implied warranties of merchantability and fitness for a particular purpose.

33. Defendant breach of warranty was the legal and proximate cause of the damages suffered by the plaintiff.

WHEREFORE, Plaintiff, Liberty Mutual Fire Insurance Company, as subrogee of French Harmon demands judgment against defendant Nintendo of America, Inc. in an amount in excess of $236,304.00, together with interest, the cost of this action, attorneys fees, and such other and further relief as this Court deems just and proper.

BY: "s"/Walter J. Swyers, Jr.
Walter J. Swyers, Jr., Esquire
1930 National City Tower
101 South Fifth Street
Louisville, KY 40202
(502) 582-1891
(502) 582-1895 (fax)
wswyers@win.net

OF COUNSEL:

James D. Schultz, Esquire
(jdschultz@cozen.com)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
215-665-2000
215-665-2013 (fax)

ATTORNEYS FOR PLAINTIFF

Dated: December 17, 2008